United States District Court
Southern District of Texas
**ENTERED**
January 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELVIS WAYNE JONES, (TDCJ # 00536937), <br><br> *Plaintiff,* <br><br> vs. <br><br> TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et al.*, <br><br> *Defendant.* | § § § § § § § § § § § § CIVIL ACTION NO. H-23-4849 |

### MEMORANDUM OPINION AND ORDER

Elvis Wayne Jones, (TDCJ #00536937), is a Texas state inmate currently held at the Willacy Unit of the Texas Department of Criminal Justice. Proceeding *pro se*, he filed a lengthy and rambling complaint under 42 U.S.C. § 1983, which seems to allege that TDCJ officials, acting in concert with United States District Court judges, have unlawfully opened his mail, forged his electronic signature, and stolen economic stimulus funds that had been deposited into his inmate trust fund account. (Dkt. 1). He also appears to allege that TDCJ officials are illegally monitoring his activities on camera and have been planting drugs in TDCJ facilities. (*Id.*). Jones has neither paid the applicable filing fee nor moved to proceed *in forma pauperis*.

Because Jones is incarcerated, his action is governed by the Prison Litigation Reform Act ("PLRA"), which was enacted, in part, to prevent prisoners from

abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, a prisoner may not proceed *in forma pauperis* in a civil action if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (noting that the three-strikes rule was enacted to "help staunch a 'flood of nonmeritorious' prisoner litigation") (quoting *Jones*, 549 U.S. at 203).

Court records reflect that since Jones has been incarcerated, he has filed no fewer than twenty actions and appeals, at least ten of which have been dismissed by the federal courts as frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See, e.g., Jones v. West, et al.*, No. 1:96-CV-532 (E.D. Tex. Sept. 18, 1997); *Jones v. Beaumont Jud. Dist. Cts., et al.*, No. 1:98-CV-1473 (E.D. Tex. Mar. 25, 1998); *Jones v. West, et al.*, No. 1:97-CV-685 (E.D. Tex. Feb. 17, 1999); *Jones v. Dallas Jud. Dist. Cts., et al.*, No. 1:98-CV-1472 (E.D. Tex. Feb. 24, 1999); *Jones v. Allred Unit*, No. 7:05-CV-84 (N.D. Tex. Apr. 28, 2005); *Jones v. Hampton, et al.*, No. 7:05-CV-112 (N.D. Tex. June 23, 2005); *Jones v. State of Texas*, No. 7:08-CV-196 (N.D. Tex. Nov. 26, 2008); *Jones v. City of Austin*, No. 3:09-CV-77 (D. Alaska May 12, 2009); *Jones v. Tex. Corr. Corp. of Am.*, No. 3:14-

CV-379 (S.D. Tex. Feb. 8, 2016); *In re Jones*, Appeal No. 19-10239 (5th Cir. Apr. 5, 2019). Jones is therefore barred from proceeding with this civil action *in forma pauperis* unless the pleadings show that he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam).

Jones is well aware of this restriction on his ability to file actions, as he has had at least nine actions dismissed as barred by the three-strikes rule. *See, e.g., Jones v. Tex. United States Dist. Ct. Judges, et al.*, No. 9:17-cv-183 (E.D. Tex. Mar. 27, 2018); *Jones v. TDCJ Polunsky Unit Disciplinary Captains, et al.*, No. 9:18-CV-6 (E.D. Tex. Apr. 26, 2018); *Jones v. Overstreet, et al.*, No. 4:19-CV-2454 (S.D. Tex. July 15, 2019); *Jones v. Polk Cnty. Dist. Cts., et al.*, No. 4:19-CV-3895 (S.D. Tex. Oct. 28, 2019); *Jones v. Polk Cnty. Dist. Ct.*, No. 9:19-CV-81 (E.D. Tex. Oct. 22, 2020); *Jones v. TDCJ-ID Inspector Spy Contracts, et al.*, No. 9:20-CV-185 (E.D. Tex. Sept. 9, 2020); *Jones v. TDCJ-ID Inspector's Officers*, No. 9:20-CV-186 (E.D. Tex. Nov. 2, 2020); *TDCJ-ID Director Security Contracts, et al.*, No. 9:20-CV-187 (E.D. Tex. Oct. 22, 2020); *Jones v. Tex. Prison Indus. Complexes*, No. 9:21-CV-124 (E.D. Tex. July 30, 2021). Nevertheless, Jones's complaint contains no allegations that he is in imminent danger of serious physical injury, nor would the nature of his claims support such allegations. His complaint is therefore barred by the three-strikes rule.

3

Based on the foregoing, the Court **ORDERS** as follows:

1. This prisoner civil rights action filed by Elvis Wayne Jones is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. Any other pending motions are **DENIED as moot**.

3. Jones may move to reinstate this case only if he pays the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____ Jan 9 _____, 2024.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE